# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 22-10968 |
| | * | |
| JASON C. ADAMS | * | CHAPTER 7 |
| | * | |
| DEBTOR | * | |
| | * | SECTION "A" |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| WILBUR J. "BILL" BABIN, JR., | * | |
| CHAPTER 7 TRUSTEE | * | |
| | * | |
| PLAINTIFF | * | |
| | * | ADV. CASE NO. 24-01019 |
| VERSUS | * | |
| | * | |
| JAMES PAUL ADAMS, JR. AND | * | |
| LYDIA GIANCONTIERI ADAMS | * | |
| | * | |
| DEFENDANTS | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO MOTION TO EXTEND
## PLAINTIFF'S DEADLINE TO DELIVER EXPERT REPORTS

NOW INTO COURT, through undersigned counsel, come James Paul Adams, Jr. and Lydia Giancontieri Adams ("Defendants"), who file this Opposition to the motion to extend time within which to Defendants must produce written reports of experts to Plaintiff, Chapter 7 Trustee, Wilbur ("Bill") Babin (the "Trustee"). In support thereof, Defendants state as follows:

1. On August 26, 2022, the Debtor, Jason Adams, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court. [Case No. 22-10968, Doc. No. 1].

2. On July 3, 2024, the Trustee commenced a separate action in this Court by filing his Complaint seeking to avoid the Donation pursuant to the Louisiana Revocatory Action, La. Civil Code article 2036, *et seq.*, and Bankruptcy Code sections 544(b) and 550 (the "Adversary Proceeding"). [Doc. No. 1.].

3. Under the Amended Scheduling Order, the deadline for Plaintiff to obtain and deliver written reports of experts was November 21, 2025. [Doc. No. 56].

4. On November 19, 2025, counsel for the Plaintiff emailed Defendants' counsel to request an extension of the discovery deadline to allow Plaintiff's counsel to conduct the deposition of Jason Adams because Mr. Adams was objecting to appearing without having been personally served with his deposition subpoena.

5. Specifically, Plaintiff's counsel's email requested "Please let me know if you are agreeable to extending the deadline to complete discovery, including experts, to December 10, 2025, so that we have time to take Jason's deposition." See Exhibit 1.

6. Defendants' counsel agreed to extend the discovery deadline to allow Mr. Adams' deposition to be taken. Defendants' counsel did not understand that Plaintiff's counsel was requesting an extension of the expert report deadline, as that was not addressed in the email. Defendants' counsel believed that only an extension of the discovery deadlines was being requested.

7. The Plaintiff's expert report deadline passed on November 21, 2025.

8. On December 5, 2025, while Defendants' counsel was in an all-day deposition in another case, Plaintiff delivered an appraisal report for the property located at 3712 Lake Villa Drive, Metairie, LA owned by Defendants.

9. On December 11, 2025, Defendants' counsel called Plaintiff's counsel to discuss the expert report deadline issue. Because the Plaintiff's expert reports were delivered after the deadline of November 21, 2025, Plaintiff agreed to extend the deadline for Defendant's expert report(s), to be extended thirty days from the delivery date of each report. Plaintiff's counsel did not request an extension of the Plaintiff's expert report deadline.

10. On December 16, 2025, Plaintiff delivered an expert report for property formerly owned by Jason Adams located in Hammond, LA.

11. On December 17, 2025, Defendants' counsel sent a draft Ex Parte Consent Motion to Extend Defendants' Deadline to Deliver Expert Reports to Plaintiff's counsel to confirm that the motion extending Defendants' expert report deadlines could be filed ex parte. Plaintiff's counsel responded asking for Defendants to waive objections to timeliness of the delivery of his expert reports. Defendants' counsel responded that she could not waive objections to timeliness. After discussing, Plaintiff's counsel agreed that the motion could be filed on an ex parte basis in accordance with the previous discussion. See Exhibit 2.

12. On December 18, 2025, Defendants filed an Ex Parte Consent Motion to Extend Defendants' Deadline to Deliver Expert Reports, which was granted by Order entered December 19, 2025. [Doc. Nos. 68 and 72].

13. On December 19, 2025, Plaintiff filed a Motion to Extend Plaintiff's Deadline to Deliver Expert Reports to Defendants, seeking a retroactive extension of the expert report deadline that had passed on November 21, 2025, through the dates that the expert reports were provided. [Doc. No. 70].

14. Plaintiff failed to timely provide expert reports of Plaintiff's expert witnesses and should be precluded from doing so after the deadline contained in the Amended Scheduling Order.

15. Federal Rule of Civil Procedure 26(D), made applicable hereto by Fed. R. Bankr. Proc. 7026, provides:

> (D) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

>   **(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or
>   **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26

16. As the Court explained in *In re Seven Stars on Hudson Corp.*, 637 B.R. 180, 206 (Bankr. S.D. Fla.2022), *aff'd sub nom. Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC*, 22-CIV-60299-RAR, 2022 WL 10046439 (S.D. Fla. Oct. 17, 2022), *aff'd sub nom. In re Seven Stars on the Hudson Corp.*, 22-13591, 2023 WL 4760713 (11th Cir. July 26, 2023):

> Federal Rule of Civil Procedure 26(a)(2), requires each party to "disclose to the other parties the identity of any [expert] witness it may use at trial." These disclosures must include a written report for witnesses "retained or specially employed to provide expert testimony," and must be made "at the times and in the sequence that the court orders." But, *"[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ... , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless*." Courts have construed "substantial justification" to mean "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply." Likewise, courts have determined that a failure to disclose is harmless where "there is no prejudice to the opposing party." *It is the burden of the party who failed to comply with Rule 26(a) to establish that its nondisclosure was substantially justified or harmless. If the party fails to meet that burden, then "the sanction of exclusion is automatic and mandatory.*" (emphasis added)(internal citations omitted).

17. Here, the failure to provide expert reports timely was not substantially justified or harmless.

18. Under the Amended Scheduling Order, the deadline for Plaintiff to obtain and deliver written reports of experts was November 21, 2025. [Doc. No. 56].

19. Once the Plaintiff missed the expert deadline of November 21, 2025, Defendants believed that Plaintiff was not using an expert because no expert report was provided as required in the Amended Scheduling Order. While the Plaintiff has agreed to an extension for Defendants to provide expert reports, Defendants have been prejudiced because they are scrambling to find and hire one or more experts who are available to prepare expert reports at the worst possible time of year, during the holidays.

20. Further, Plaintiff has not shown that failure to meet the deadline was substantially justified. Plaintiff's counsel never requested an extension of the expert report deadline from Defendants or this Court until weeks after the deadline had passed.

WHEREFORE, Defendants request that the Court deny Plaintiff's motion to extend Plaintiff's expert report deadline, and for such other further relief as may be just and proper.

Dated: December 22, 2025

                                              Respectfully submitted,

                                              ADAMS AND REESE LLP

                                              /s/ Lisa M. Hedrick
                                              LISA MERZ HEDRICK (La. Bar #26421)
                                              701 Poydras Street, Suite 4500
                                              New Orleans, Louisiana 70139
                                              Tel: (504) 581-3234
                                              mark.beebe@arlaw.com
                                              lisa.hedrick@arlaw.com

                                              *Attorneys for James Paul Adams, Jr. and Lydia Giancontieri Adams*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the opposition to Plaintiff's motion to extend deadline to Defendants' expert reports deadline filed by James Paul Adams, Jr. and Lydia Giancontieri Adams has been served on all parties receiving CM/ECF electronic notice on this 22nd day of December, 2025.

- Jason Baer    jbaer@baerlawllc.com
- Frederick L. Bunol    Fbunol@derbeslaw.com, derbespacer@gmail.com;23699@notices.nextchapterbk.com
- McKenna D Dorais    mdorais@derbeslaw.com
- Lisa Merz Hedrick    lisa.hedrick@arlaw.com, vicki.owens@arlaw.com

/s/ Lisa M. Hedrick
Lisa M. Hedrick